# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TAGGED, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MUNDO MEDIA, LTD., DG INTERNATIONAL, LTD., and Does 1 through 50, 52 through 100, and 102 through 200 as alter egos, affiliate spammers, programs, and websites,<br><br>    Defendants. | Case No. 13-cv-02256 CRB (NC)<br><br>**ORDER ON DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 95, 96, 102 |

Before the Court are two joint statements of discovery disputes filed by plaintiff Tagged and defendant Mundo Media. Dkt. Nos. 95, 96, 102. Discovery disputes in this case have been referred to the undersigned Magistrate Judge. The Court held a telephonic hearing on these discovery matters on January 7, 2015. This order memorializes the Court's orders at the hearing.

**I.**     <u>**Discovery Letter Brief Dkt. No. 95**</u>

Tagged moved for an order compelling Mundo Media to produce documents responsive to four requests for production, RFP Nos. 1, 2, 11, and 12. Dkt. No. 95. As a result of further meet and confer efforts, the parties were able to reach agreement on most of the issues. Dkt. No. 102. The sole remaining dispute concerns Tagged's request for Mundo

Media's email communications between August 1, 2012, and December 31, 2013, with any affiliate related to or regarding the websites xdating.com, ihookup.com, and xxxblackbook.com. Dkt. Nos. 102, 103. These three websites were identified by Tagged in spam messages sent to its users, which Tagged alleges were enabled by Mundo Media. *Id.*; *see* Dkt. No. 54.

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Information is relevant for discovery purposes if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, even when the information sought by the parties in a civil lawsuit is relevant, the Court must limit the scope of discovery if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). In other words, the Court seeks to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

In this case, Tagged alleges that defendants operate an illegal spam ring that has inundated Tagged's social network system with millions of illegal, unsolicited messages to users, intending to entice them to visit fraudulent adult dating and pornographic websites. Dkt. No. 54 ¶ 1. Tagged further alleges that Mundo Media is a marketing and affiliate networking company that operates as the central hub of the spam ring. *Id.* ¶ 2. Tagged

alleges that Mundo Media pays affiliate spammers for traffic directed to third party websites, including the fraudulent pornography websites that were promoted by the "affiliate spammers" that targeted Tagged users. *Id.* Mundo Media denies that it runs a spam ring and has indicated that it will be moving for summary judgment on the grounds that it does not have knowledge of the alleged spamming. Dkt. No. 102.

The Court disagrees with Mundo Media's assertion that the documents sought by Tagged are "completely irrelevant and useless to this case." Dkt. No. 102. The Court finds that the disputed document request is reasonably calculated to lead to the discovery of admissible evidence as to Mundo Media's knowledge of, and alleged role in enabling, the spamming by "affiliate spammers." Further, the Court finds that Mundo Media has not demonstrated that responding to this discovery request will subject it to an undue burden. The Court also finds that the cost-shifting requested by Mundo Media is not justified in the circumstances presented.

The Court GRANTS Tagged's motion to compel, and orders Mundo Media and Tagged to meet and confer for the purpose of agreeing on an efficient process for identifying and producing the responsive documents. Among other ways to minimize the burden and cost of this discovery, the parties should consider using search terms and/or limiting the search to key custodians. By January 14, 2015, the parties must submit either (1) a joint stipulation setting forth their agreement to resolve this issue, or (2) their competing proposals setting forth the proposed parameters of the document search and production. The stipulation/competing proposals should include a proposed deadline for the production that should be well in advance of the deadline for the opposition to the anticipated motion for summary judgment.

## II. Discovery Letter Brief Dkt. No. 96

### A. Mundo Media's Discovery Requests Regarding Tagged's Damages

Mundo Media seeks to compel Tagged to provide further responses to Interrogatory No. 18, which asks Tagged to identify the harm it alleges to have suffered as the result of

Mundo Media's conduct, including the amount and computation of alleged damages. Dkt. No. 96. Mundo Media also seeks to compel Tagged to produce documents in response to Requests for Production Nos. 8 and 9 that support Tagged's alleged damages and the amount of those damages. *Id.*

The Court agrees with Mundo Media that Tagged's responses to the interrogatory and documents requests in question are insufficient. At the hearing, Tagged informed the Court that it has agreed to provide a supplemental interrogatory response and documents. The Court GRANTS Mundo Media's motion to compel as follows: by January 12, 2015, Tagged must provide (1) a supplemental interrogatory response that contains a computation of each category of Tagged's alleged damages; and (2) the documents on which the computation is based. If Mundo Media finds that Tagged's supplemental response and document production are insufficient, the parties must meet and confer prior to presenting their dispute to the Court.

### B.   Tagged's Redactions

Mundo Media also challenges the redaction of documents produced by Tagged. Dkt. Nos. 96, 102. Tagged responds that it has provided a replacement production that has eliminated all the issues raised by Mundo Media. Dkt. No. 102. In response to the Court's order, Tagged filed a privilege log for the redacted documents. Dkt. No. 101. The Court finds that this dispute is not ripe for resolution. By January 14, 2015, Tagged and Mundo Media must meet and confer about any particular redactions challenged by Mundo Media and file an updated joint statement setting forth the remaining issues in dispute. The Court will then decide if any *in camera* review is necessary.

Any party may object to this non-dispositive discovery order within 14 days under Federal Rule of Civil Procedure 72(a).

IT IS SO ORDERED.

Date: January 9, 2015

Nathanael M. Cousins
United States Magistrate Judge